UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 12-cr-00232 |
| VERSUS | JUDGE HICKS |
| RITA M. MYLER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court are various discovery motions filed by Defendant. Docs. 24, 28, & 29. The court has also conducted status conferences to discuss the issues. Docs. 27 & 30. The motions are granted in part and denied in part as follows:

**Computer and Hard Drive**

Granted. The Government has agreed to make these items available for Defendant's review.

**Robbero's Presentence Report**

Denied. The court reviewed the PSR in camera. All of the key information about the offense in the PSR was taken verbatim from the written factual basis, which is public record in 12-cr-263, Doc. 9. The PSR does not contain Brady or Giglio material.

**Roggero's Personnel File**

Granted. The Government is ordered to produce it immediately.

**LSUHSC Records, Results of Internal Investigation, and Medical Records**

Denied. The Government has no obligation to obtain evidence for Defendant from third parties (doctors, hospitals, etc.) who are not agencies of the Government or otherwise closely aligned with the prosecution. United States v. Harry, 2013 WL 684646 (D. N.M.)(discussing cases). However, the Government's response indicates that documents in its possession related to the LSUHSC internal investigation involving Sangre Biologicals have been produced. If Defendant wants other documents from LSUHSC, Defendant should proceed under Rule 17 (if appropriate).

**FBI Notes and 302s**

Denied without prejudice. These are not discoverable under Rule 16 on the showing made. However, the reports may contain Brady material or constitute statements under the Jencks Act. United States v. Welch, 810 F.2d 485 (5th Cir. 1987); United States v. Edwards, 702 F.2d 529 (5th Cir. 1983); United States v. Joyce, 2008 WL 2512657 (W.D. Penn.); United States v. Miller, 2006 WL 2401360 (E.D. Ark.).

**Brady and Giglio Materials Generally**

The Government represents that it will continue to review its files to determine whether it possesses favorable or exculpatory evidence. In complex prosecutions such as this, the Government should take extra care not to "tack too close to the wind." Kyles v. Whitley, 514 U.S. 419, 439 (1998)(prudent prosecutors, who are anxious about tacking too close to the wind, will resolve doubtful questions in favor of disclosure). Any doubt can be resolved by submitting materials to the court for an *in camera* inspection.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of September, 2013.

                                                                                                                                                                                                                                                      _____
                                                        MARK L. HORNSBY
                                                       UNITED STATES MAGISTRATE JUDGE